**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amber Sandell,<br><br>    Plaintiff,<br><br>vs.<br><br>DH Brewing Incorporated, et al.,<br><br>    Defendants. | No. CV-24-01436-PHX-SPL<br><br>**ORDER** |

  Before the Court is Plaintiff Amber Sandell's Motion for Default Judgment requesting the Court to enter a default judgment against Defendants DH Brewing Incorporated, DH Enterprises Restaurants LLC, DH Enterprises Restaurants 2 LLC, Doajo Hicks, and Roxanne Hicks. (Doc. 18). For the following reasons, the Motion will be granted.

**I. BACKGROUND**

  On June 14, 2024, Plaintiff Amber Sandell filed a Complaint against Defendants DH Brewing Incorporated, DH Enterprises Restaurants LLC, DH Enterprises Restaurants 2 LLC, Doajo Hicks, and Roxanne Hicks. (Doc. 1). The Complaint seeks damages for failing to pay earned tips and a minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and failing to pay a minimum wage under the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-364. (*Id.*).

  The various Defendants were served on June 26, 2024; July 16, 2024; and August 5, 2024. (Docs. 10–14). Defendants failed to answer or otherwise respond to the Complaint.

On September 7, 2024, Plaintiff filed an Application for Entry of Default against Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (Doc. 15). Two days later, the Clerk of Court entered default against Defendants. (Doc. 16). On January 25, 2025, Plaintiff filed the instant Motion for Default Judgment pursuant to Rule 55(b). (Doc. 18). Defendants failed to respond to Plaintiff's Motion and have not appeared in this action.

## II. DISCUSSION

### a. Subject Matter Jurisdiction, Personal Jurisdiction, and Service

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

The Court has subject matter jurisdiction because Plaintiff filed a claim arising from a FLSA violation. (Doc. 1). The FLSA states that an action to recover damages related to unpaid minimum wages may be maintained against employers "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216. The Court may exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to the AMWA as it pertains to the same case or controversy: Plaintiff's alleged unpaid wages. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ."); *see also Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

As to personal jurisdiction, the Court has jurisdiction over Defendants because they do business in Arizona, Plaintiff's claims arise out of their business and conduct in Arizona, and they were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (noting that a federal court lacks personal jurisdiction over defendant unless defendant properly served); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). According to the Complaint, Defendants DH Brewing Incorporated, DH Enterprises Restaurants LLC, and DH Enterprises Restaurants 2 LLC are companies authorized to do business in Arizona. (Doc. 1 at 4–5). Defendants Doajo and Roxanne Hicks are the owners of DH Brewing Incorporated, DH Enterprises Restaurants LLC, and DH Enterprises Restaurants 2 LLC. (Docs. 1 at 6). Moreover, Defendants were properly served on June 26, 2024; July 16, 2024; and August 5, 2024. (Docs. 10–14); *see* Fed. R. Civ. P. 4(e)(2)(A), (h)(1)(B). Having found that jurisdiction and service are proper, the Court turns to whether default judgment is appropriate.

### b. Default Judgment Analysis: *Eitel* Factors

"A defendant's default does not automatically entitle a plaintiff to a default judgment." *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013). Instead, once a default has been entered, the district court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a

dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### i. First, Fifth, Sixth and Seventh Eitel Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment. Defendants have failed to appear in this action, despite having been served in June, July, and August 2024. (Docs. 10–14). If Plaintiff's Motion is denied, then Plaintiff will likely be without other recourse for recovery. *Zekelman*, 2020 WL 1495210, at *3 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The fifth and sixth factors—the possibility of a dispute concerning material facts and whether default was due to excusable neglect—also weigh in favor of granting default judgment. Given the sufficiency of the Complaint (discussed below) and Defendants' default, the Court finds that no genuine dispute of material facts would preclude granting the Motion. And because Defendants were properly served and have never appeared in this case, the Court finds it unlikely that Defendants' failure to appear and the resulting default was the result of excusable neglect. *See id.* at *4 ("Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.").

The seventh factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of FRCP 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendants' unexplained absence at this juncture of the case

makes a decision on the merits impossible. Thus, the Court is not precluded from entering default judgment against Defendants. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 (citation omitted) ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court.").

ii. Second and Third *Eitel* Factors

The second and third factors—the merits of the claims and the sufficiency of the Complaint—weigh in favor of granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted).

Section 206 of the FLSA requires employers to pay a minimum wage to employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). "To establish a minimum-wage . . . violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants; (2) she was covered under the FLSA; and (3) Defendants failed to pay her minimum wage . . . ." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing (29 U.S.C. §§ 206(a), 207(a))). As to the first element, Plaintiff pleads in the Complaint that she was an employee of Defendants as defined by the FLSA. (Doc. 1 at 7). Plaintiff also meets the second element because she alleges that the FLSA applies to the Defendants and that she was a non-exempt employee. (*Id.* at 7–8). Finally, as to the third element, Plaintiff alleges that Defendants failed to pay her the statutory minimum wage. (*Id.* at 10). Plaintiff submitted well-pled factual allegations—that Defendants failed to pay

her minimum wages for approximately 30 hours of work performed for the final two weeks of her employment ending on approximately June 9, 2024—that, taken as true upon default, show Defendants violated the FLSA. (*Id.* at 9–10, 13).

Under Section 203(m)(2)(B) of the FLSA, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B). As noted above, Plaintiff alleges in her Complaint that she was employed by Defendants within the meaning of the FLSA; that Defendants are covered employers under the FLSA; that Plaintiff earned approximately $700.00 in tips in her final two weeks of work; and that Defendants did not distribute any of those tips to Plaintiff and instead redirected the tips to Defendants. (Doc. 1 at 3–5, 13). Accepting these allegations as true, Plaintiff has plead that Defendant violated 29 U.S.C. § 203(m)(2)(B) of the FLSA by keeping her earned tips.

This Court finds Plaintiff's well-pled factual allegations also show Defendants violated the AMWA. To state a claim under the AMWA, the defendant must be an employer under the statute, the plaintiff must be a qualified employee of the defendant, and "the plaintiff must allege that she was not paid the applicable minimum wage for hours worked." *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021) (citing A.R.S. § 23-363). Under this statute, an employer includes any corporation, limited liability company, or individuals "acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). In order to qualify as an employer, the corporation or limited liability company must generate no less than $500,000 in gross annual revenue. A.R.S. § 23-362(C). This statute defines an employee as "any person who is or was employed by an employer . . . ." A.R.S. § 23-362(A). According to Plaintiff's factual allegations, Defendants qualify as employers because they are limited liability companies or individuals acting in the interest of an

employer and their enterprise had annual gross sales of at least $500,000.[1] (Doc. 1 at 8). Plaintiff was an employee for purposes of the AMWA because she was employed by Defendants. (*Id.* at 8). Finally, Plaintiff alleges that she was paid less than Arizona's 2024 minimum wage of $14.35 per hour for the work she performed for Defendants during her final two work weeks. (*Id.* at 10). Plaintiff's well-pled factual allegations—which claim Defendants failed to pay Plaintiff the state-mandated minimum wage for her work—taken as true, show Defendants violated the AMWA.

       iii.   Fourth *Eitel* Factor

Under the fourth factor, this Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (internal quotations omitted) (citation omitted).

Here, Plaintiff seeks $2,691.50 in relief, exclusive of attorneys' fees and costs. (Doc. 18 at 10). The Court does not find this amount to be so "substantial or unreasonable" as to make default judgment inappropriate. Plaintiff alleges that Defendants failed to pay her for approximately 30 hours of work. (Doc. 1 at 10). Considering Arizona's 2024 minimum wage was $14.35 per hour, Plaintiff should have been paid $430.50. (Doc. 18 at 9). Additionally, Plaintiff alleges that Defendants failed to pay her $700.00 in earned tips. (Doc. 1 at 10). Thus, Plaintiff's requested damages accurately represent the amount of wages—trebled, as prescribed by the AMWA—and unpaid tips—doubled, as prescribed by the FLSA—that Defendant allegedly failed to pay Plaintiff, and this Court has no reason

---

[1] To be sure, Plaintiff's Complaint states that "on information and belief," Defendants are "an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023." (Doc. 1 at 8). Still, this is sufficient to meet the pleading standard such that the Complaint states a claim for relief because facts may be pled "upon information and belief where the facts are peculiarly within the possession and control of the defendant." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). Thus, a company's financial information, such as its annual gross sales, may be properly pled on information and belief. *See Covelli v. Avamere Home Health Care LLC*, No. 3:19-cv-486-JR, 2021 WL 1147144, at *6 (D. Or. Mar. 25, 2021). Plaintiff should not be precluded from recovery due to her inability to ascertain Defendants' sales figures based on their failure to appear.

to believe that it is excessive. A.R.S. § 23-355(a); 29 U.S.C. § 216(b). Moreover, Plaintiff supports the requested amount with evidence, her sworn declaration. (*See* Doc. 18-1). All told, given the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds that the fourth factor, too, weighs in favor of default judgment.

### c. Relief Sought

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560. Thus, a plaintiff "is required to prove all damages sought in the complaint." *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (internal quotations omitted) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018) (citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011)). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

Here, Plaintiff submitted a sworn declaration asserting that she worked approximately 30 hours during her final two weeks of employment with Defendants that she received no payment for. (Doc. 18-1 at 3). Based on these figures and Arizona's 2024 $14.35 minimum wage, Plaintiff asserts she should have been paid $430.50. (*Id.*). Additionally, Plaintiff notes that she is entitled to treble damages under the AMWA. (*Id.* at 4). Indeed, the AMWA provides for treble damages when an employer fails to pay an employee the required minimum wage. A.R.S. § 23-364(G). Thus, Plaintiff seeks statutory damages of $1,291.50. (Doc. 12 at 5). Plaintiff also avers that she earned and was not paid approximately $700 in tips during those final two weeks, and she correctly asserts that she is entitled to double damages under the FLSA. (*Id.*; Doc. 18-1 at 4); 29 U.S.C. § 216(b).

8

Plaintiff's requested relief accurately calculates the damages to which she is statutorily entitled and is supported by Plaintiff's declaration. This Court therefore finds it appropriate to award Plaintiff $2,691.50 in liquidated damages.

Additionally, Plaintiff intends to file a motion to recover her attorneys' fees and costs incurred in this action upon entry of a default judgment. (Doc. 18 at 10–11). The FLSA provides that a court shall allow reasonable attorneys' fees and costs to be paid by the defendant in unpaid minimum wages judgments awarded to a plaintiff. 29 U.S.C.A. § 216(b). This award is mandatory, but the amount of reasonable attorneys' fees to be granted is within the court's discretion. *Alzate v. Creative Man Painting LLC*, No. CV-13-02129-PHX-BSB, 2015 WL 789727, at *3 (D. Ariz. Feb. 25, 2015). The Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d), LRCiv 54.1, and LRCiv 54.2.

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 18) is **granted**;
2. That default judgment is entered pursuant to FRCP 55(b)(2) in favor of Plaintiff and against Defendants;
3. That Defendants are jointly and severally liable for **$2,691.50** in liquidated damages pursuant to A.R.S. § 23-364 and 29 U.S.C. § 216(b);
4. That Plaintiff shall have until **February 18, 2025** to file a motion for attorneys' fees in accordance with FRCP 54(d)(2) and LRCiv 54.2; and
5. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 4th day of February, 2025.

Honorable Steven P. Logan
United States District Judge

9